UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:17-cr-00147-001-TRM-CHS |
| v. | ) | |
| | ) | |
| TERRY LYNN GUELDE | ) | |

# **MEMORANDUM AND ORDER**

TERRY LYNN GUELDE ("Defendant") came before the Court for an initial appearance on July 24, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 63].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Christopher Meadows of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Tammy Combs explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing but requested a detention hearing; however, at counsel's request, the hearing was delayed until the following day, July 25, 2025.

The Court conducted the detention hearing on the scheduled date. At the hearing, the Government was represented by AUSA Raven Austin and relied upon the allegations in the Petition [Doc. 63] and a document reflecting Defendant's drug screen which was positive for methamphetamines. In addition, United States Probation Officer Jennifer LaFerry was called to the stand for cross examination by Defendant's attorney, Christopher Meadows. Mr. Meadows also proffered evidence on behalf of Mr. Guelde. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition recites four conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition:** You must not commit another federal, state, or local crime.

- **Standard Condition:** You must not unlawfully possess a controlled substance.

- **Mandatory Condition:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Standard Condition:** You must answer truthfully the questions asked by your probation officer.

- **Special Condition:** You shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

The sworn Petition details facts giving rise to violations of these conditions of supervision. More specifically, after Defendant served a 100-month term of imprisonment for possession with intent to distribute methamphetamine, he started his period of supervised release on April 16, 2024. Thereafter, Defendant engaged in the following conduct which forms the basis for the allegations that he violated conditions of his supervised release:

- On April 28, 2025, Defendant was arrested for DUI, speeding, possession of controlled substance, and other offenses. These charges are pending until August 12, 2025, when Defendant is scheduled to appear in Hamilton County General Sessions Court.

- On May 5, 2025, Defendant tested positive for methamphetamine (and suboxone which has been prescribed to him); however, the lab results returned negative for methamphetamine. On May 11, 2025, Defendant admitted to his probation officer, Jennifer LaFerry, that he had been using methamphetamine for a couple of weeks.

- On May 20, 2025, Defendant reported in person to USPO LaFerry and advised her that his last use of methamphetamine was on May 19, 2025.

- On June 10, 2025, Defendant completed a substance abuse assessment at CADAS and admitted that his last use of methamphetamine was on June 9. Defendant was admitted to CADAS on June 10 with a projected discharge date of July 15. Defendant was prematurely discharged from CADAS on June 27 for being in possession of suboxone strips.

At the detention hearing, Defendant's counsel conceded that Defendant relapsed and struggled with methamphetamine use for a brief period of time, but that he has since regained sobriety and has found a good job. The Court notes that Defendant appeared to be following the

conditions of supervised release for a period of approximately 12 months before he suffered a relapse in methamphetamine use in April 2025. While this relapse is concerning—and USPO LaFerry certainly made a correct decision by bringing this Petition to the Court's attention—it appears that Defendant has now stopped using methamphetamine and has secured employment.

The Court finds that probable cause exists to demonstrate that Defendant has violated conditions of his supervised release. With respect to the detention hearing, the Court is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has carried the burden of establishing by clear and convincing evidence that he does not presently pose a danger to any other person or to the community. The Court further finds that Defendant is not a risk of flight. Consequently, the Court denied the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has violated conditions of his supervised release.

2. The Government's motion that Defendant be detained without bail pending further Order of this Court is **DENIED**.

3. Counsel for Defendant and the Government shall confer and make best efforts to submit to Chief United States District Judge Travis R. McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

4. Defendant shall appear before Chief Judge McDonough on **August 8, 2025, at 9:00 a.m.** for a final hearing on the Petition.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE